Brown v Montefiore Med. Ctr. (2019 NY Slip Op 00226)





Brown v Montefiore Med. Ctr.


2019 NY Slip Op 00226


Decided on January 15, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2019

Sweeny, J.P., Kapnick, Gesmer, Kern, JJ.


8099 24477/13

[*1]Alice Brown, Plaintiff-Appellant,
v
Montefiore Medical Center, et al., Defendants-Respondents, "John Does 1-100," et al., Defendants.


Zlotolow & Associates, P.C., Sayville (Jason S. Firestein of counsel), for appellant.
Gordon & Silber, P.C., New York (Patrick Mevs of counsel), for Montefiore Medical Center, respondent.
Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP, White Plains (Samantha E. Quinn of counsel), for Kings Harbor Health Services, LLC and Bronx Harbor Health Care Complex, Inc., respondents.



Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered March 17, 2017, which denied plaintiff's motion to vacate a judgment, same court and Justice, entered on or about December 29, 2015, dismissing the complaint, based on plaintiff's failure to abide by a conditional preclusion order, same court and Justice, entered on or about September 28, 2015, which ostensibly granted defendant Montefiore Medical Center's motion and defendants Kings Harbor Health Services, LLC and Bronx Harbor Health Care Complex, Inc.'s cross motion for an order, pursuant to CPLR 3126, precluding plaintiff from offering testimony or other evidence supporting her claims, or compelling plaintiff to provide a proper bill of particulars and other outstanding discovery, unanimously reversed, on the law and the facts, without costs, plaintiff's motion granted, the judgment vacated, and the complaint reinstated.
The court's September 28, 2015 order was predicated on the motion and cross motion by the defendants, the underlying issues of which had already been fully resolved by the parties' so-ordered stipulation, dated August 4, 2015, issued after a preliminary conference. At the time of the court's September 28th conditional preclusion order, there was no motion pending, and no request for any relief from the defendants. Given the circumstances, the court should have granted plaintiff's motion to vacate the judgment. However, this in no way condones plaintiff's counsel's clearly dilatory behavior, which, based on the pattern evinced by the record, was willful.
We have examined the parties' remaining arguments, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 15, 2019
CLERK